UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHIREECE BEARD, on behalf of herself and all others similarly situated,

            Plaintiff,

-against-

CONVERGENT OUTSOURCING, INC.

           Defendant.

Civil Action Number:

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff SHIREECE BEARD (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant CONVERGENT OUTSOURCING, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff.

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant's principal place of business is located in Renton, Washington.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who were sent collection letters and/or notices from Defendant attempting to collect an obligation owed to or allegedly owed to SPRINT, in which Defendant improperly attempted to collect same, in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in

        determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to November 15, 2016, an obligation was allegedly incurred by Plaintiff.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. In its effort to collect on the alleged debt, Defendant contacted Plaintiff by written correspondence on November 15, 2016. *See* **Exhibit A**.

21. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

22. The front of the Collection Letter states there are "3 CONVENIENT WAYS TO PAY"

23. Located on the back of the letter, in plain, single-spaced font is the validation language required by 15 U.S.C. § 1692g.

24. However, the letter contains no transitional language explaining that Defendant's demand for payment, and settlement offer, does not override the consumer's right to dispute the debt or demand validation of the debt.

25. Plaintiff's validation rights were effectively overshadowed because Defendant demanded payment without sufficiently communicating to Plaintiff that he has the right to dispute the debt.

26. It has been well established that a validation notice required by 15 USC § 1692g "must not be overshadowed or contradicted by accompanying messages from the debt collector." See *Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000).

27. To determine if the validation notice was "overshadowed or contradicted" we look to the least sophisticated debtor standard. *Id* at 354.

28. A validation notice is overshadowed and/or contradicted if it would make the least sophisticated consumer uncertain as to her rights.

29. The above statements would leave the least sophisticated consumer unsure as to whether the Defendant has already assumed the debt is valid making a dispute pointless or whether the Defendant will only assume the debt is valid after thirty days from receipt.

30. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc*., 943 F.2d 482, 484 (4th Cir.1991).

31. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

32. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

33. Once a consumer makes a timely, written notice of dispute, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

34. Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would not attempt to dispute his debt.

35. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

36. As set forth in the following Counts, Defendant's communication violated the FDCPA.

## First Count
## 15 U.S.C. §1692g et seq.
## Validation of Debts

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692g.

39. Pursuant to 15 USC §1692g, a debt collector:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    (1) The amount of the debt;
    (2) The name of the creditor to whom the debt is owed;
    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
    (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. The Defendant violated 1692g by overshadowing the validation notice.

41. By reason thereof, Defendant is liable to Plaintiff for judgment that its conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Second Count
### Violation of 15 U.S.C. §§ 1692e, 1692f *et seq*
### The Charging of Unlawful Fees

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. Collection letters such as those sent by defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. Section 1692e(10) states that:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt…. the following conduct is a violation of this section:

    (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Section 1692f(1) states that:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

46. That Defendant attempts to recover a "Total amount of non-interest charges accrued since charge-off" ("post charge-off fee") of $220.00 is improper.

47. That said "post charge-off fee" is a fee charged and collected by Defendant.

48. That same is not expressly authorized by any agreement that Plaintiff has with the original creditor.

49. That the "post charge-off fee" is not permitted by any applicable law.

50. That, as and for an alternative, Defendant retains all or a portion of the "post charge-off fee."

51. That Defendant's retention of all or a portion of the "post charge-off fee" is not expressly authorized by any agreement that plaintiff has with the original creditor.

52. That Defendant's statement in its collection letter regarding the "post charge-off fee" is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f (1).

53. That Defendant's statement in its collection letter regarding the "post charge-off fee" constitutes an unfair and unconscionable means used by Defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f (1).

54. That further, Defendant's statement in its collection letter regarding the "post charge-off fee" also falsely represents the compensation which may be lawfully received by Defendant for the collection of the debt, in violation of the FDCPA, including but not limited to Section 1692e and 1692e(2)(B).

55. That Defendant's statement in its collection letter regarding the "post charge-off fee" constitutes a false, deceptive, and misleading representation or means used by Defendant in connection with the collection of a debt, in violation of §§1692e and 1692e(10).

56. That further, Defendant's statement in its collection letter regarding the "post charge-off fee" is a threat to take an action that cannot be legally taken, viz., to add a fee that is not authorized by any law or by the agreement between Plaintiff and the original creditor which created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e (5).

57. Defendant used false representation and deceptive means to attempt to collect $220.00 in "post charge-off fee" without evidencing the basis for the added fee in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692e (5), 1692e (10), and 1692f (1).

58. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

59. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**Third Count**
**15 U.S.C. §1692g et seq.**
**Validation of Debts**

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "59" herein with the same force and effect as if the same were set forth at length herein.

61. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

62. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

63. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

64. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

65. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

66. When determining whether the name of the creditor to whom the debt is owed has been

conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

67. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

68. Defendant's letter states, "Creditor: Sprint."

69. Defendant's letter fails to identify any entity as the "creditor to whom the debt is owed."

70. "Sprint," even if meant as the creditor to whom the debt is owed (which is not stated in the letter), is not specific enough to apprise Plaintiff of the identity of the creditor to whom the debt is owed.

71. There is no entity named "Sprint" registered with the New York State Department of State, Division of Corporations.

72. Conversely, there are forty-five (45) disparate entities registered in New York that begin their legal name with "Sprint."

73. The least sophisticated consumer would likely be confused as to which of the forty-five (45) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

74. The least sophisticated consumer would likely be uncertain as to which of the forty-five (45) disparate entities registered in New York that begin their legal name with "Sprint" is the creditor to whom the debt is owed.

75. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

76. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

77. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorney fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

> Respectfully submitted,
>
> By: /s/ Alan J. Sasson
> Alan J. Sasson, Esq.
> Law Office of Alan J. Sasson, P.C.
> 2687 Coney Island Avenue, 2nd Floor
> Brooklyn, New York 11235
> Phone:     (718) 339-0856
> Facsimile: (347) 244-7178
> *Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> /s/ Alan J. Sasson
> Alan J. Sasson, Esq.

Dated:    Brooklyn, New York
          December 13, 2016